[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16419
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20281-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO ZAPATA, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2017)

Before MARCUS, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Defendant Pablo Zapata appeals his 60-month sentence after pleading guilty to making a false statement on an application for a United States passport, in violation of 18 U.S.C. § 1542.  On appeal, he challenges the procedural and substantive reasonableness of his sentence.  After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), in 2008, Defendant submitted an application for a United States passport, in which he represented that he was born in the United States Virgin Islands.  He also swore under oath that he was a United States citizen.  He was later issued a valid United States passport.  In 2010, Defendant was questioned by immigration authorities while detained in a county jail for failure to register as a sex offender.  Records showed that Defendant's name was Pablo Zapata and that he had been removed from the United States in 1980.  There were no records indicating that Defendant had obtained permission to apply for admission to the United States.  A subsequent investigation revealed no birth records bearing Defendant's name in the United States Virgin Islands.  However, authorities uncovered a birth certificate in Belize bearing Defendant's name.

Defendant was subsequently charged with:  (1) making a false statement on a United States passport application, 18 U.S.C. § 1542 ("Count 1"); and (2) using a passport obtained by a false statement, 18 U.S.C. § 1542 ("Counts 2 and 3").

2

Defendant eventually pled guilty to Count 1, and in exchange, the Government agreed to drop Counts 2 and 3.

In preparation for sentencing, the probation officer prepared the PSR. The PSR assigned Defendant a base offense level of 8, pursuant to U.S.S.G. § 2L2.2(a). Defendant received a two-level increase under § 2L2.2(b)(1) because he was an illegal alien who had been previously deported. He also received a four-level increase because he fraudulently obtained or used a United States passport. With a two-level reduction for acceptance of responsibility, Defendant's total offense level was 12.

The PSR assigned Defendant a criminal history category of VI, based on the following convictions: (1) 1997 convictions for driving under the influence and driving with a suspended license; (2) a 1998 conviction for driving with a revoked license; (3) a 2000 conviction for engaging in sexual activity with a child; and (4) 2009 and 2014 convictions for failing to register as a sex offender. Based on a total offense level of 12 and a criminal history category of VI, his guideline range was 30 to 37 months' imprisonment. Of relevance, Defendant objected to the two-level enhancement under § 2L2.2(b)(1) for having been previously deported.

At the sentencing hearing, defense counsel stated that he objected to the enhancement for having been previously deported only for the purpose of preserving any potential immigration relief. The district court stated that it would

3

impose a sentence sufficient but not greater than necessary regardless of whether it granted Defendant's objection. The court indicated that it believed a 60-month sentence was appropriate given Defendant's criminal history and refusal to comply with the law, including his failure to register as a sex offender.

Defense counsel acknowledged Defendant's criminal history score, but noted that the score was due in part to several traffic offenses. Defense counsel also reminded the court that this was a passport fraud case. The district court confirmed that since at least 1994, Defendant had been in the United States in violation of the law and had repeatedly violated the law since that time. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 60 months' imprisonment. This appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for an abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing

---

[1] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for

to adequately explain the chosen sentence. *Id.* Then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

## A.    Procedural Reasonableness

Defendant asserts that his 60-month sentence is procedurally unreasonable because the district court did not calculate the guideline range or explain its reasons for imposing an upward variance.

Defendant did not object to the district court's failure to calculate the guideline range, so we review this argument for plain error.[2] *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To support his argument that the district court failed to calculate the guideline range, Defendant points to the district court's statement that its ruling on Defendant's objection to the two-level enhancement under § 2L2.2(b)(1) was of no importance because it believed a sentence greater than 37 months' imprisonment was appropriate.

---

deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2] To establish plain error, "there must be (1) an error (2) that is plain . . . (3) that has affected the defendant's substantial rights" and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013).

We read the record differently than Defendant. Although the district court explained that its ruling on Defendant's objection to the two-level enhancement under § 2L2.2 would not ultimately matter, the court still stated that without that enhancement, Defendant's guideline range would be 24 to 30 months' imprisonment based on a total offense level of 10 and a criminal history category of VI. The district court then explained that with the application of the enhancement, Defendant's guideline range would be 30 to 37 months' imprisonment. Because the district court calculated the guideline range, Defendant cannot show any error, let alone plain error. Nevertheless, even if the district court had committed error that was plain by failing to calculate the guideline range, Defendant could not show that his substantial rights were violated because the district court stated that a sentence greater than 37 months' imprisonment was appropriate in any event. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) (explaining that a defendant may not be able to show a reasonable probability of a different outcome if the record shows that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range").

The Government asserts that we should likewise review Defendant's argument that the district court failed to explain its reasons for imposing an upward variance for plain error. Despite the Government's contentions, we review *de novo*

6

whether a district court complied with 18 U.S.C. § 3553(c) by explaining its reasons for imposing a given sentence, regardless of whether the defendant objected before the district court. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016); *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

Defendant has failed to show that the district court erred by failing to explain its reasons for imposing a 60-month sentence. The district court explicitly stated that it was inclined to impose a 60-month sentence based on Defendant's criminal history and his refusal to comply with the law, including his failure to register as a sex offender. Based on this explanation, we are satisfied that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008); *Rita v. United States*, 551 U.S. 338, 357–58 (2007) ("Where the judge imposes a sentence outside the Guidelines, the judge will explain why [she] has done so."). Because the district court stated its reasons for imposing the 60-month sentence, Defendant has failed to meet his burden of demonstrating that his sentence is procedurally unreasonable.

### B.    Substantive Reasonableness

Defendant next argues that his 60-month sentence is substantively unreasonable. We disagree. For starters, although Defendant's 60-month sentence reflected a 23-month variance above the top of the guideline range, it was still well

below the statutory maximum of 10 years' imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

Moreover, as stated by the district court, the 60-month sentence was supported by several § 3553(a) factors, including Defendant's history and characteristics, the need to protect the public, and the need for deterrence. *See* 18 U.S.C. § 3553(a). Of note, the district court emphasized Defendant's lack of respect for the law, as evidenced by his being present in the United States illegally and having committed crimes during that time.

Defendant further argues that the district court was not permitted to rely on his criminal history when imposing an upward variance because his criminal history was already accounted for in his guideline range. However, we have explicitly held that a court may impose an upward variance based on factors that have already been taken into account when calculating the guideline range. *See United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) ("This Court has held that a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement. . . ." (citation omitted)).

In short, Defendant has not shown that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that

lies outside the range of reasonable sentences dictated by the facts of the case."

*United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

**AFFIRMED.**